**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

WILLIAM SILVERS, et al.,

    Plaintiffs,

v.                                                  Case No.   5:17-cv-169-Oc-34PRL

VERBATA, INC., d/b/a Acme Archives,
et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on Magistrate Judge Philip R. Lammens' Report and Recommendation (Doc. 63; Report), entered on December 1, 2017. In the Report, Judge Lammens recommends that the Court deny Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Inconvenient Forum [FRCP Rules 12(b)(2) and 12(b)(3) [sic] (Doc. 14; Motion to Dismiss). See Report at 15.[1] On December 15, 2017, Defendants filed an objection to the Report. See Motion to Consider Newly Discovered Evidence and Objection to December 1, 2017 Magistrate's Report and Recommendation [sic] (Doc. 65; Objection). Plaintiffs filed a response on December 30, 2017. See Plaintiffs' Opposition to Motion to Reconsider at Doc. 65 (Doc. 68; Response). Accordingly, this matter is ripe for review.

---

[1] In arriving at his recommendation, the Magistrate Judge resolved a number of other related motions. Specifically, he denied Plaintiffs' Motion for Oral Argument on Defendants' Motion to Dismiss at Doc. 14 (Doc. 22), granted Defendants Verbata, Inc. dba Acme Archives, et al., Motion to Strike Plaintiffs' "Notice of Filing Second Supplemental Declaration of William Silvers" and "Second Supplemental Affidavit of William Silvers" Filed in Opposition to Pending Rule 12(b)(2) (Doc. 50), and denied Plaintiffs' [ ] Cross-Motion for Leave to File Continuing Discovery in Support of Personal Jurisdiction and Venue (Doc. 53).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Defendants object to the Magistrate Judge's factual finding that Plaintiffs presented evidence supporting a reasonable inference that Defendants used a forged contract, namely, the Acme Tier One Artist Publishing Agreement 2012B Version (Doc. 14-1, Ex. 3; Forged Contract), to tortiously interfere with Silvers' ability to sell his artwork at Disney World in Orlando, Florida. See Objection at 4-11. Their objection is based on Defendants' "newly discovered evidence," consisting of excerpts of testimony from the deposition of Nancy Houbrick, the head of Disney Consumer Products (DCP). Id.; Deposition of Nancy Houbrick (Doc. 65-2; Houbrick Dep.). Defendants contend that this factual finding forms the basis of the Magistrate Judge's legal conclusion that the Court can properly exercise personal jurisdiction over Defendants with respect to Plaintiffs' claim for tortious interference (Count IX of the Complaint for Damages and Injunctive Relief (Doc. 1; Complaint),[2] and that venue in the Middle District of Florida is proper. See generally Objection. Notably, Defendants do not suggest how this allegedly erroneous factual

---

[2] Although Plaintiffs label their tortious interference claim "Count VIV," it appears that they intended to label the claim "Count IX."

finding undermines the Magistrate Judge's finding that venue is proper for Plaintiffs' other tort claims.

In response, Plaintiffs contend that the Court should limit its review of the Report to the "actual record that was before the Magistrate Judge at the time of his ruling," especially in cases where, as here, the proponent of new evidence improperly attaches "only conveniently selected" excerpts. See Response at 1. Additionally, Plaintiffs dispute that Houbrick's testimony undermines the Magistrate Judge's findings. Id. at 2-4.

Although district courts have the discretion to consider new evidence and arguments presented for the first time in an objection to a report and recommendation, they are under no obligation to do so. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has the discretion to decline to consider a party's argument when the argument is not first presented to the magistrate judge."). Indeed, the Eleventh Circuit recognizes that "[s]ystematic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round." Id. (quoting United States v. Howell, 231 F.3d 615, 622 (9th Cir. 2000)). Further, "'it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge.'" Williams, 557 F.3d at 1292 (quoting Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988)).

This case presents a rather troublesome example of a party shifting gears after the wind blew in its opponent's favor. Earlier in the proceedings, Defendants vehemently

opposed Plaintiffs' efforts to submit additional evidence before entry of the Report. Indeed, on October 24, 2017, Defendants moved to strike Plaintiff William Silvers' second supplemental declaration, which Plaintiffs filed after briefing on the Motion to Dismiss had completed. See Defendants Verbata, Inc. dba Acme Archives, et al., Motion to Strike Plaintiffs' "Notice of Filing Second Supplemental Declaration of William Silvers" and "Second Supplemental Affidavit of William Silvers" Filed in Opposition to Pending Rule 12(b)(2) Motion (Doc. 50); Notice of Filing Second Supplemental Declaration of William Silvers (Doc. 48). Subsequently, on November 6, 2017, Plaintiffs filed a cross-motion to continue jurisdictional discovery in which they sought entry of "an order authorizing the filing of new evidence . . . in support of or in opposition to personal jurisdiction while the matter remains under submission." See Response in Opposition to Defendant Verbata, Inc.'s Motion to Strike [Doc. 50] and Cross-Motion for Leave to File Continuing Discovery in Support of Personal Jurisdiction and Venue (Doc. 53) at 11 (emphasis added). Defendants opposed Plaintiffs' cross-motion arguing that the parties had already been granted a 45 day extension of time to conduct jurisdictional discovery and any additional time would enable Plaintiffs to engage in a "jurisdictional fishing expedition." See Defendants Verbata, Inc. dba Acme Archives, et al. Response in Opposition to Plaintiffs' Cross-Motion for Leave to File Continuing Discovery (Doc. 60; Opposition to Continued Discovery) at 2-3; see also Unopposed Motion for Extension of Time to Respond to Defendants' Motion to Dismiss (Doc. 16); Endorsed Order (Doc. 17). Notably, in opposing the cross-motion, Defendants specifically argued that the Court should not consider testimony from Houbrick's upcoming deposition. See Opposition to Continued Discovery at 3. Given that Defendants knew that Houbrick was scheduled to be deposed before

entry of the Report and unequivocally urged that the Magistrate Judge not consider her testimony, Defendants cannot now ask the Court to consider that very same testimony.

Importantly, even if the Court were to consider Houbrick's testimony, the Objection would still be due to be overruled. In her deposition, Houbrick explains that Disney ordinarily does not "allow artwork that [ha]s been created under a previous licensee to be reproduced and sold in the parks for the purpose of that division if the license has expired." See Houbrick Dep. at 62. However, as an exception, Artist Proofs[3] "can be sold into any retail entity by the artist if that was . . . a part of their agreement with the licensee." Id. at 67. As such, Defendants argue that Houbrick's testimony shows that Disney did not approve the re-release of Silvers' images because: (1) the original license expired and the images should have been destroyed pursuant to an agreement with the original licensee; and (2) Silvers did not have a contract with Disney's current licensee, Collectors Edition. See Objection at 3 (citing Houbrick Dep. at 63-64, 66-68). Notably, Houbrick acknowledges that she neither discussed Silvers' request for approval with Acme, nor did she review the Forged Contract. See Houbrick Dep. at 64-65. According to Defendants, this testimony establishes that "Disney's decision not to permit Plaintiff to sell artwork at Disney World Orlando had nothing to do with Acme, but rather was because Plaintiff did not have a contract with Disney's licensee, Creative Editions[4], to create artwork based upon Disney themes [sic]." See Objection at 3.

Contrary to Defendants' contentions, Houbrick's testimony does not foreclose the Magistrate Judge's finding that the evidence "supports a reasonable inference that

---

[3] An Artist Proof is "an image made for the artist alone by the printer, usually the best print within the edition. Artist Proofs are an important part of the artist's compensation." See Complaint ¶16 n.1.

[4] Presumably, Defendants intend to refer to "Collectors" Editions. See Houbrick Dep. at 66.

Defendants used the [F]orged [C]ontract to prevent Silvers from selling his work at Disney." Id. at 4 (citing Report at 8). Although Houbrick indicates that Disney's legal team was concerned that re-releasing Silvers' images could interfere with Collectors Editions' license, she also suggests that Silvers' relationship with Acme affected Disney's decision. See Houbrick Dep. at 62-66, 68. Houbrick's testimony supports the reasonable inference that Disney believed that Acme held the original license for Silvers' images, that Silvers did not have the Artist Proofs for these images, and that therefore, Silvers' images should have been destroyed when Acme's license expired. Although Houbrick had not seen the Forged Contract, her testimony supports the inference that Disney decided not to approve Silvers' images based on the rights and obligations set forth in the Forged Contract. Further, the fact that Houbrick had not seen the Forged Contract is not inconsistent with Plaintiffs' allegations and evidence suggesting that Defendants forged the agreement only after Plaintiffs attempted to audit Acme's offices, and served Acme with a cease and desist letter. See Complaint ¶¶38-51, 179-80, 201-09, Exs. F-I; Silvers Aff. ¶20-30, 33 (attesting to the "suspicious timing of Acme's supposed discovery of the document, which came only when there was a dispute between the parties over non-payment and missing originals."), 34. Whether Disney's decision was actually based, in any respect, on the Forged Contract remains to be determined. However, at this stage of the proceedings, all conflicts must be resolved in Plaintiffs' favor, especially where, as here, the jurisdictional questions are intertwined with the merits of Plaintiffs' claim for tortious interference. See Delong Equip. Co. v. Wash. Mills Abrasive Co., 840 F.2d 843, 845 (11th Cir. 1988). As such, the Court finds that Defendants' evidence does not undermine the Magistrate Judge's factual finding that the evidence supports the reasonable inference that

Defendants impeded Silvers' ability to sell his images at Disney World in Orlando, Florida. <u>See generally</u> Report.

The Court's review of the Report, Objection, Response, and relevant authorities has revealed no error in the Magistrate Judge's analysis. Thus, upon review of the file and for the reasons stated here and in the Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly it is hereby

**ORDERED:**

1. Defendants' Motion to Consider Newly Discovered Evidence and Objection to December 1, 2017 Magistrate's Report and Recommendation (Doc. 65) is **OVERRULED**.

2. The Report and Recommendation (Doc. 63) of Magistrate Judge Lammens is **ADOPTED** as the opinion of the Court.

3. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Inconvenient Forum [FRCP Rules 12(b)(2)] and 12(b)(3) [sic] (Doc. 14) is **DENIED.**

4. Defendants shall respond to the Complaint in accordance with the requirements of Rule 12 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers this 26th day of January, 2018.

MARCIA MORALES HOWARD
United States District Judge

Lc25
Copies to:
Counsel of Record

The Honorable Philip R. Lammens
United States Magistrate Judge